IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH T. GOODRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-132-DWD |
| ) | |
| GOOD SAMARITAN REGIONAL ) | |
| HEALTH CENTER d.b.a. SSM ) | |
| HEALTH GOOD SAMARITAN ) | |
| HOSPITAL – MT. VERNON, | |
| ) | |
| Defendant. | |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Defendant Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon ("SSM Good Samaritan") requires its employees to be fully vaccinated against COVID-19 or, in the alternative, to submit to weekly testing for COVID-19. Plaintiff Joseph T. Goodrich received a religious exemption from the COVID 19 vaccination requirement but was terminated for refusing to consent to weekly testing. Mr. Goodrich filed suit against SSM Good Samaritan in the Circuit Court of Jefferson County, Illinois, alleging that it violated state and federal law. SSM Good Samaritan removed the action based on federal question jurisdiction.

The parties are presently before the Court on SSM Good Samaritan's Motion to Dismiss the Complaint (Docs. 9 and 10). Having read and considered the papers filed in connection with this matter and being fully informed, the Court **GRANTS** the Motion to Dismiss as to Mr. Goodrich's federal claim (Count II). The Court declines

to assert supplemental jurisdiction over the remaining state law claim (Count I), which is remanded to Jefferson County Circuit Court.

## I.     BACKGROUND

In July 2021, Mr. Goodrich was employed at SSM Good Samaritan as a security officer. On or about July 12, 2021, after SSM Good Samaritan implemented a policy requiring employees to obtain a COVID-19 vaccination, Plaintiff requested, and was granted, an exemption due to a sincerely held religious belief. On September 25, 2021, Mr. Goodrich was informed that he would not be allowed to continue his scheduled work shift and was escorted off the property. On September 28, 2021, Mr. Goodrich received a letter indicating that all employees who are unvaccinated must present for testing and, because Mr. Goodrich would not consent to testing, he was terminated via email effective September 28, 2021.

Mr. Goodrich filed suit in the Circuit Court for Jefferson County, Illinois, alleging two claims: Count I brings a claim under the Illinois Health Care Right of Conscience Act. 745 ILCS 70/1, *et seq.* Count II is titled "Unlawful Termination for Failure to Submit to Emergency Use Authorization Products." Count II alleges that (1) COVID-19 vaccines and tests are only available under emergency use authorization; (2) COVID-19 nasal testing swabs are sterilized in ethylene oxide, a known carcinogen; and (3) requiring unvaccinated employees to consent to COVID-19 testing demonstrates that the consent is not voluntary. As such, Mr. Goodrich alleges, SSM Good Samaritan's policy requiring employees to be vaccinated or submit to COVID-19 testing violates the law and/or is unauthorized. The only law cited or referenced in Count II is the federal Food, Drug, and

Cosmetic Act ("FDCA"). *See* Doc. 1, ¶ 18 (citing to 21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(I-III) (the informed consent requirement relevant to medical products under an emergency use authorization); Doc. 1, ¶ 24 ("Defendant is not authorized to force employees to accept the administration of vaccines and tests that are not approved by the Food and Drug Administration as a condition of their employment.").

SSM Good Samaritan removed the action asserting federal-question subject-matter jurisdiction based on the allegations contained in Count II. Subsequently, SSM Good Samaritan filed the instant Motion to Dismiss (Docs. 9 and 10), and Mr. Goodrich filed a response (Doc. 14).

## II. LEGAL STANDARD

SSM Good Samaritan moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9, Doc. 10). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018) (citing *Deppe v. NCAA*, 893 F.3d 498, 499 (7th Cir. 2018)).

### III. Discussion

**A. Federal Claim**

The only discernible federal claim in the Complaint is found in Count II wherein Plaintiff alleges that SSM Good Samaritan's policy requiring employees to be vaccinated or submit to COVID-19 testing violates the law and/or is unauthorized. This claim is based on regulations authorized by the FDCA. However, only the federal government is empowered to enforce the FDCA's provisions. *See* 21 U.S.C. § 337(a) ("all ... proceedings for the enforcement, or to restrain violations, of [the FDCA] shall be by and in the name of the United States"). As such, there is no private right of action to assert a violation of the FDCA or its implementing regulations. *See Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the [FDCA]."). Because there is no private right of action to enforce the FDCA, Count II must be dismissed.

**B. State Law Claim**

Having dismissed Count II, all that remains is Count I, a state law claim under the Illinois Health Care Right of Conscience Act. 745 ILCS 70/1, *et seq.*, "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). *See also Walker v. McArdle*, 2021 WL 3161829, at *4 (7th Cir. July 27, 2021) (Although the decision is discretionary, it is generally presumed that a district court will "relinquish jurisdiction

over supplemental state-law claims when no federal claims remain in advance of a trial."). When deciding whether to exercise supplemental jurisdiction, courts consider and weigh the "values of judicial economy, convenience, fairness, and comity" at every stage of the litigation. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Considering these factors, the Court declines to assert supplemental jurisdiction over Count I and remands it to state court.

### IV. CONCLUSION

SSM Good Samaritan's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Mr. Goodrich's federal claim in Count II, pertaining to SSM Good Samaritan's alleged violation or violations of the FDCA, is dismissed with prejudice. The Court declines to assert supplemental jurisdiction over the remaining state law claim in Count I, which is **REMANDED** to the Circuit Court of Jefferson County, Illinois. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: May 23, 2022

								_____
								DAVID W. DUGAN
								United States District Judge